IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 96-8596

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE CASTLEBERRY,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

**(July 25, 1997)**

Before BLACK, Circuit Judge, FAY and ALARCON*, Senior Circuit
Judges.

BY THE COURT:

*Honorable Arthur L. Alarcon, Senior U.S. Circuit Judge for the
Ninth Circuit, sitting by designation.

Appellant's letter motion to correct the opinion is GRANTED. The court's opinion is modified as follows:

1. The last sentence of the first paragraph on page 2256 of the slip opinion is deleted. In its place the following shall appear:

> During the trial, Roger Rozen, an attorney and government witness, testified that the numbers next to his name reflected proper referral fees for cases that London had either sent to him or that they had worked on together. The government also presented the testimony of a James Cochran, a DUI defendant, who testified that he paid London directly to fix his DUI cases. Thus, the authenticity of the entries was clearly established.

2. The third full paragraph on page 2256 of the slip opinion is deleted. In its place the following shall appear:

> The dates of the entries are reasonably close to the dates of the conspiracy alleged in the indictment. The grand jury indictment clearly states "beginning on a date which is unknown to the Grand Jury, but which occurred on or **before** January 1, 1988 . . . ." R1-1 (emphasis added). Cochran's trial testimony revealed that he paid London before, during, and after

2

the January 1, 1988 date alleged in the indictment.

Beginning in 1983 and continuing until 1992, Cochran testified that during this period he received at least eight DUI tickets in which London "represented" him. On these eight separate occasions, Cochran testified that he paid London amounts ranging from three hundred dollars to seven hundred dollars to handle his DUI tickets. In each of these instances, Cochran further stated that he never appeared before a judge, never paid a fine, and never lost his driver's license. This testimony alone is sufficient to corroborate the language and date used in the indictment and to satisfy the "during the course" requirement of Fed.R.Evid. 801(d)(2)(E).